UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNIE JABAAR WELLS,<br>Plaintiff,<br>v.<br>B. CATES, et al.,<br>Defendants. | Case No.: 1:25-cv-01456-EGC (PC)<br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br>(Doc. 7) |

Plaintiff Johnie Jabaar Wells is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. INTRODUCTION**

Plaintiff filed his original complaint on October 31, 2025. (Doc. 1.)

On September 21, 2026, Plaintiff filed a motion to appoint counsel. (Doc. 7.)

**II. DISCUSSION**

Plaintiff asks that counsel be appointed in this matter. Further, he asks "that the magistrate judge move for a default judgment in [his] favor" because "[t]his matter has been without the defendant response in almost one year." (Doc. 7.)

Initially, the Court directs Plaintiff's attention to the First Informational Order in Prisoner/Civil Detainee Case issued October 31, 2025. (*See* Doc. 3.) As indicated therein, this "Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity." (*Id*. at 3.) Further, the order states: "A pro se plaintiff may not proceed with legal action against a governmental entity or individual until the Court screens the pro se plaintiff's complaint and finds that is states a cognizable claim against named defendants." (*Id*.) Moreover, the order advises Plaintiff that the "Court screens pro se plaintiffs' complaints as expeditiously as possible. However, the Court has an extremely large number of pro se plaintiff civil rights cases pending before it, and delay is inevitable." (*Id*.)[1]

Here, Plaintiff's complaint has not yet been screened. The Court is required to screen his complaint pursuant to 28 U.S.C. section 1915A(a). Until the Court has had an opportunity to do so, no further action will be taken in this matter. Plaintiff is encouraged to review the First Informational Order issued October 31, 2025. Plaintiff is advised the undersigned will screen Plaintiff's complaint in due course.

Further, the reason the named defendants have not filed a response in this action is because the complaint has not yet been screened. As the First Informational Order indicates, only when the Court finds that Plaintiff's complaint states a cognizable claim or claims will it "direct the United States Marshal to initiate service of the complaint on defendants. (*See* Doc. 3 at 3.) The Court has not yet determined whether Plaintiff's complaint states any cognizable claim. Therefore, the named defendants have been served with the complaint. Hence, Plaintiff is not entitled to default judgment. *See* Fed. R. Civ. P. 55.

As concerns the request for the appointment of counsel, Plaintiff is advised that plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. section 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant

[1] Additionally, this Court is experiencing a continuing judicial emergency. Delays simply cannot be avoided. *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/.

to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

Here, the Court cannot evaluate the likelihood of Plaintiff's success on the merits of his claims because it has not yet screened the complaint, making such an evaluation premature. Next, as concerns as evaluation of Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved, the Court finds Plaintiff is able to articulate his claims in light of their complexity. A brief review of Plaintiff's complaint reveals Plaintiff presents an Eighth Amendment conditions of confinement claim against four officials at the California Correctional Institution. (*See* Doc. 1 at 3.) Such a claim is not complex. *Rand*, 113 F.3d at 1525; *see also, e.g.*, *Daniel v. Lynch*, No. 2:23-cv-0384 AC P, 2025 WL 437329, at *1 (E.D. Cal. Feb. 7, 2025) ("Eighth Amendment claims based on conditions of confinement are not complex").

In short, the Court finds that no exceptional circumstances exist warranting the appointment of counsel. *Rand*, 113 F.3d at 1525; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Therefore, Plaintiff's motion will be denied.

## III. CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** that Plaintiff's motion to appoint counsel (Doc. 7) is **DENIED**.

IT IS SO ORDERED.

Dated: **September 22, 2026**

Erin Sun Castillo

UNITED STATES MAGISTRATE JUDGE