UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHNNIE JABAAR WELLS,

Plaintiff,

v.

B. CATES, et al.,

Defendants.

Case No.: 1:25-cv-01456-KES-EGC (PC)

**ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO STATE A CLAIM, FAILURE TO COMPLY, AND FAILURE TO PROSECUTE**

(Doc. 11)

Plaintiff Johnnie Jabaar Wells is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. RELEVANT BACKGROUND**

Plaintiff initiated this action by filing a complaint on October 31, 2025. (Doc. 1.)

On October 1, 2026, the Court issued its First Screening Order. (Doc. 9.) Specifically, the Court found Plaintiff's complaint failed to state a cognizable constitutional claim against any named Defendant. (*Id*. at 4-10.) Plaintiff was ordered to file a first amended complaint, curing the deficiencies identified in the order, a notice stating he intended to stand on his complaint as screened, or a notice of voluntary dismissal within 21 days. (*Id*. at 11.)

On October 28, 2026, when more than 21 days elapsed following issuance of the First Screening Order, the undersigned issued Findings and Recommendations to Dismiss Action Without Prejudice for Plaintiff's Failure to State a Claim, Failure to Comply, and Failure to

Prosecute. (Doc. 11.) Any objections were to be filed within 14 days. (*Id*. at 12.)

On November 2, 2026,[1] Plaintiff filed a first amended complaint. (Doc. 12.)

## II. DISCUSSION

Because Plaintiff has submitted a first amended complaint, the undersigned will vacate the Findings and Recommendations issued October 28, 2026. Plaintiff's amended complaint will be screened in due course.

Plaintiff is reminded that this Court's deadlines are strictly enforced. (*See* Doc. 3 at 5 ["Absent good cause, all Court deadlines are strictly enforced"].) Thus, strictly speaking, Plaintiff's first amended complaint was untimely. That is so because the screening order was issued and served on October 1, 2026, and directed Plaintiff to file an amended complaint within 21 days. (*See* Doc. 9.) Therefore, the amended complaint was due by October 22, 2026, plus time for mailing. Because Plaintiff's first amended complaint was signed on October 25, 2026, even applying the prison mailbox rule,[2] the amended complaint was submitted three days after the deadline. Moving forward, Plaintiff is cautioned that untimely submissions may be stricken. Additionally, Plaintiff should use the Proof of Service form previously provided when submitting documents for filing with the Court. (*See* Doc. 3 at 4 ["for purposes of application of the 'Mailbox Rule' …, on all documents filed with the Court, the pro se plaintiff must attach a Proof of Service, indicating the date on which the filing was turned over to prison authorities. A document submitted without proof of service may be stricken/returned or if filed after the deadline, deemed not timely filed"] & 6 [blank Proof of Service form].)

To the extent Plaintiff might believe the deadline for filing the amended complaint was 21 days from the date he *received* the screening order, such a belief would be incorrect. The screening order clearly states that any amended complaint was due "**[w]ithin 21 days** *from the*

---

[1] The amended complaint is dated and signed October 25, 2026. (*See* Doc. 12 at 5.)

[2] Pursuant to the prison mailbox rule, a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in *Houston* applies to civil rights actions).

*date of service of this order* ….” (*See* Doc. 9 at 11, bold in original; italics added.) And Rule 5 of the Federal Rules of Civil Procedure provides that mailing a document or paper to a party's last known address constitutes completed service. *See* Fed. R. Civ. P. 5(b)(2)(C).

As noted above, Plaintiff's first amended complaint will be screened in due course. Delays, while unfortunate, are inevitable. This Court is one of the busiest district courts in the nation and all judges carry heavy caseloads. Further, this Court is operating under a continuing judicial emergency. *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/. Until the Court has had the opportunity to screen Plaintiff's first amended complaint and to issue a second screening order, no further action is required of Plaintiff.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. The Findings and Recommendations to dismiss this action issued on October 28, 2026 (Doc. 11) are **VACATED**; and
2. Plaintiff's first amended complaint will be screened in due course.

IT IS SO ORDERED.

Dated: **November 4, 2026**

UNITED STATES MAGISTRATE JUDGE